**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-5482-18T4

SATNAM SINGH and
SANTOSH KUMAR,

  Plaintiffs-Appellants,

v.

LONELL CHESTNUT, JR.,
and AAA INSURANCE,

  Defendants,

and

PENN NATIONAL INSURANCE,

  Defendant-Respondent.

_____

    Submitted October 6, 2020 – Decided October 20, 2020

    Before Judges Yannotti and Mawla.

    On appeal from the Superior Court of New Jersey, Law Division, Burlington County, Docket No. L-2105-18.

    Devlin, Cittadino & Shaw, PC, attorneys for appellants (John G. Devlin, on the brief).

Margolis Edelstein, attorneys for respondent (Robert M. Kaplan and Lawrence J. Bunis, on the brief).

PER CURIAM

Plaintiffs Satnam Singh and Santosh Kumar appeal from orders entered by the Law Division on July 12, 2019, which granted summary judgment in favor of defendant Penn National Insurance (Penn National) and denied plaintiff's cross-motion for summary judgment. We affirm.

On October 26, 2016, Lonell Chestnut, Jr. was getting gas for his car at a station on Route 206 in Bordentown. At the time, Singh was working as an attendant at the gas station. Chestnut drove away from the gas pump while the nozzle and hose were still attached to his vehicle. The nozzle struck Singh in the face, causing him to sustain certain injures.

Plaintiffs filed a complaint against Chestnut and New Jersey Manufacturers Insurance Company (NJM), which provided workers' compensation coverage to his employer, APCO Petroleum Corporation (APCO).[1] Chestnut's vehicle was insured under a policy issued by GEICO, which had bodily injury liability limits of $15,000 per person and $30,000 per

---

[1] Kumar is Singh's spouse. She asserted a claim based on the loss of Singh's support, society, services, and consortium.

occurrence. To resolve the claims against Chestnut, GEICO tendered the $15,000 per person coverage provided under its policy to plaintiffs.

Believing Singh's damages exceeded $15,000, plaintiffs filed an amended complaint asserting claims for underinsured motorist (UIM) coverage against AAA Insurance (AAA) and Penn National. Singh did not own an automobile, and the AAA policy insured a vehicle owned by his son with whom he was residing. Because the AAA policy had limits equal to those under Chestnut's GEICO policy, plaintiffs agreed to dismiss their claims against AAA.

The Penn National policy was a commercial automobile insurance policy issued to APCO. It provided $1,000,000 in UIM coverage. Penn National denied Singh's request for UIM coverage because he was not a named insured under the policy and, at the time of the accident, he was not occupying a vehicle covered under the policy.

Penn National filed a motion for summary judgment and argued Singh was not entitled to UIM coverage under its policy. Plaintiffs opposed the motion and filed a cross-motion for summary judgment on the coverage issue. The parties waived oral argument.

On July 12, 2019, the motion judge filed orders, which granted Penn National's motion for summary judgment and denied plaintiffs' cross-motion.

3

The judge determined the Penn National policy did not provide Singh with UIM coverage because he did not meet the requirements for such coverage under the policy. This appeal followed.

On appeal, plaintiffs argue that the trial court's orders must be reversed. They contend the trial court's decision is contrary to N.J.S.A. 17:28-1.1(f), which elevates Singh to the status of "named insured" under the Penn National policy.

When reviewing an order granting or denying summary judgment, we apply the standard set forth in Rule 4:46-2(c). Globe Motor Co. v. Igdalev, 225 N.J. 469, 479 (2016) (citing Bhagat v. Bhagat, 217 N.J. 22, 38 (2014)). Summary judgment shall be granted when the evidence before the court on the motion "show[s] that there is no genuine issue as to any material fact challenged and that the moving party is entitled to a judgment or order as a matter of law." R. 4:46-2(c).

Here, the facts material to the coverage determination are not in dispute. The interpretation of an insurance contract is an issue of law, subject to our de novo review. Sealed Air Corp. v. Royal Indem. Co., 404 N.J. Super. 363, 375 (App. Div. 2008) (citing Fastenberg v. Prudential Ins. Co. of Am., 309 N.J. Super. 415, 420 (App. Div. 1998)). "A trial court's interpretation of the law and

A-5482-18T4

the legal consequences that flow from established facts are not entitled to any special deference."  Manalapan Realty, L.P. v. Twp. Comm. of Manalapan, 140 N.J. 366, 378 (1995) (citations omitted).

The declarations page of Penn National's policy identifies APCO and Atlantic Management Company (AMC) as the named insureds.  The policy includes an endorsement for uninsured motorist (UM) and UIM coverage, which states in relevant part:

> A. Coverage
>
> 1. We will pay all sums the "insured" is legally entitled to recover as compensatory damages from the owner or driver of an "uninsured motor vehicle" or "underinsured motor vehicle."  The damages must result from "bodily injury" sustained by the "insured", or "property damage" caused by an "accident".  The owner's or driver's liability for these damages must result from the ownership, maintenance or use of an "uninsured motor vehicle" or an "underinsured motor vehicle".
>
> B. Who Is An Insured
>
> If the Named Insured is designated in the Schedule or Declarations as:
>
> 1. An individual, then the following are "insureds":
>
> a. The Named Insured and any "family members".
>
> b. Anyone else "occupying" a covered "auto" or a temporary substitute for a covered "auto".

c. Anyone for damages he or she is entitled to recover because of "bodily injury" sustained by another "insured".

2. A partnership, limited liability company, <u>corporation</u> or any other form of organization, then the following are "insureds":

a. Anyone "<u>occupying</u>" a covered "<u>auto</u>" or a temporary substitute for a covered "<u>auto</u>".

b. Anyone for damages he or she is entitled to recover because of "bodily injury" sustained by another "insured".

c. The Named Insured for "property damage" only.

The policy defines "occupying" as "in, upon, getting in, on, out or off." For UIM coverage, "autos" are those "you own that because of the law in the state where they are licensed or principally garaged are required to have and cannot reject [UM] Coverage." The term "you" refers to the "named insured" listed in the declarations page.

The motion judge correctly found that Singh was not an "insured" under the Penn National policy. He is not identified on the declarations page as a "named insured." Moreover, at the time of the accident, Singh was working as a gas station attendant as APCO's employee. It is undisputed that Singh was not "occupying" an automobile covered under the policy at the time he was injured.

When determining if a person was "occupying" a covered vehicle, the court must consider the facts related to the accident and the use of the vehicle. Thompson v. James, 400 N.J. Super. 286, 292 (App. Div. 2008) (citing Torres v. Travelers Indem. Co., 171 N.J. 147, 149 (2007)). To trigger UIM coverage, the claimant must show "a substantial nexus between the insured vehicle and the injury sustained." Id. at 293 (citing Torres, 171 N.J. at 149). Here, plaintiffs have not shown a "substantial nexus" between an insured vehicle and Singh's injuries.

Plaintiffs argue, however, that because Singh was working for APCO at the time of the accident, N.J.S.A. 17:28-1.1(f) gives him the status of "named insured" under the Penn National policy. The statute provides:

> Notwithstanding the provisions of this section or any other law to the contrary, a motor vehicle liability policy or renewal of such policy of insurance, insuring against loss resulting from liability imposed by law for bodily injury or death, sustained by any person arising out of the ownership, maintenance or use of a motor vehicle, issued in this State to a corporate or business entity with respect to any motor vehicle registered or principally garaged in this State, shall not provide less uninsured or underinsured motorist coverage for an individual employed by the corporate or business entity than the coverage provided to the named insured under the policy. A policy that names a corporate or business entity as a named insured shall be deemed to provide the maximum uninsured or underinsured motorist coverage available under the policy to an individual

employed by the corporate or business entity, regardless of whether the individual is an additional named insured under that policy or is a named insured or is covered under any other policy providing uninsured or underinsured motorist coverage.

[Ibid.]

When interpreting a statute, our "paramount goal" is discerning the Legislature's intent and "the best indicator of that intent is the statutory language." DiProspero v. Penn, 183 N.J. 477, 492 (2005) (citing Frugis v. Bracigliano, 177 N.J. 250, 280 (2003)). "We ascribe to the statutory words their ordinary meaning and significance." Ibid. (citing Lane v. Holderman, 23 N.J. 304, 313 (1957)). If the statutory language is ambiguous and subject "to more than one plausible interpretation," the court may consider extrinsic evidence, including legislative history. Id. at 492-93 (citing Cherry Hill Manor Assocs. v. Faugno, 182 N.J. 64, 75 (2004)).

In James v. N.J. Mfrs. Ins. Co., 216 N.J 552, 565 (2014), the Court noted that N.J.S.A. 17:28-1.1(f) was enacted in response to the decision in Pinto v. N.J. Mfrs. Ins. Co., 183 N.J. 405, 412 (2005). In Pinto, the court upheld the validity of "step-down" clauses which cap the amount of UM or UIM coverage available to the employee of a corporate entity at the limits available under their personal automobile insurance coverage. Pinto, 183 N.J. at 407.

The Court in <u>James</u> stated that N.J.S.A. 17:28-1.1(f) prohibits the use of step-down provisions to provide less UM/UIM coverage to employees than the coverage provided to "named insureds" on the policy. <u>James</u>, 216 N.J. at 555-56. The Court also stated that if the policy only lists the employer as the "named insured," its employees are "deemed" eligible for the maximum available coverage. <u>Id.</u> at 556.

We are convinced that N.J.S.A. 17:28-1.1(f) was intended to address the amount of UM or UIM coverage available to a business entity's employees who are entitled to coverage under the entity's commercial liability policy. The statute does not apply where, as in this case, the employee was not entitled to such coverage under the policy.

The UM/UIM endorsement of the Penn National policy identifies APCO as the named insured. It further provides that the term "insured" includes individuals identified as an insured in the policy's schedule or declaration, and any family members, as well as any other person "occupying" a covered vehicle or a temporary substitute for such a vehicle.

Singh was not identified as a named insured under the policy. Therefore, he would be entitled to UM or UIM coverage only if he was injured while occupying an auto covered under the policy, or a temporary substitute for a

covered vehicle. As stated above, it is undisputed that Singh was not occupying a covered auto when he was injured. Thus, Singh is not entitled to UM or UIM coverage under the Penn National policy and N.J.S.A. 17:29-1(f) does not confer insured status upon him.

Further, the legislative Committee's statement that accompanied the enactment of N.J.S.A. 17:28-1(f) supports our conclusion that the statute was intended to address the amount of UM or UIM coverage available to certain employees of business entities under commercial policies. The Committee stated:

> This bill is in response to the New Jersey Supreme Court's decision in [Pinto]. In [Pinto], the court held that as to a motor vehicle liability policy that names a corporate or business entity as a named insured, step-down provisions which limit uninsured or underinsured motorist coverage for employees of that entity that are not individuals named on the policy are valid and enforceable. Thus, the court's ruling, which upholds earlier case law on the subject, allows an employee's coverage under an employer's business motor vehicle insurance policy to be limited to the lower limits of uninsured or under insured motorist coverage contained in the employee's individual motor vehicle liability policy, even in situations in which the employee is injured in a covered vehicle in a work-related accident, if the employer's policy so provides. This bill reverses the effect of the [Pinto] decision by prohibiting step-down provisions in these policies. Further, the bill expressly provides that a policy that names a corporate or business entity as a named insured shall be deemed

to provide the maximum uninsured or underinsured motorist coverage available under the policy to any individual employed by the corporate or business entity, regardless of whether the individual is an additional named insured under that policy, or is a named insured or is covered under any other policy providing uninsured or underinsured motorist coverage.

[Assemb. Fin. Institutions and Ins. Comm. Statement to S. 1666 (May 10, 2007).]

As indicated in the Committee's statement, N.J.S.A. 17:28-1.1(f) was intended to bar the enforcement of the step-down provision in the policy of a corporate or business entity that limits the UM or UIM coverage available to the entity's employees. The statute also provides that, under certain circumstances, employees of a corporate or business entity would be entitled to the maximum amount of UM or UIM coverage under the entity's commercial policy. The statute was not, however, intended to confer insured status upon employees who are not entitled to UM or UIM coverage under the policy.

Plaintiffs further argue that Penn National's policy creates two tiers of UM/UIM coverage: one for certain family members of the owner of APCO, and the other for other potential insureds under the policy. Plaintiffs argue these family members would be entitled to the maximum available coverage under the policy, while Singh is not.

11

This contention is entirely without merit. These family members of APCO's owner are not identified as named insureds in the declaration page or the UM/UIM endorsement. The only named insureds are APCO and AMC. Family members of the person who owns APCO would not be entitled to UM or UIM coverage unless they were occupying a covered auto or a temporary substitute for a covered auto. Therefore, the criteria for UM and UIM coverage under the Penn National policy is the same for Singh and the family members of APCO's owner.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION